IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.,** | \* |
| Plaintiff, | \* |
| v. | \*    Civil No. **PJM 19-01777** |
| **JAMIL FARUQUE,** *et al.*, | \* |
| Defendants. | \* |

## MEMORANDUM OPINION

On June 18, 2019, Plaintiff Joe Hand Promotions, Inc. brought this action against Defendants Jamil Faruque, Dimple Oberoi, and Patuxent LLC for alleged violations of the Communications Act of 1934, 47 U.S.C. §§ 553 (cable piracy) and 605 (satellite piracy) (Count One), and the Copyright Act, 17 U.S.C. §§ 106 and 501 (Count Two). Faruque has moved, *pro se*, to dismiss the suit as untimely under the statute of limitations.[1] For the following reasons, his Motion is **DENIED**.

I.

Plaintiff alleges that Defendants illegally broadcast the August 26, 2017 fight between professional boxers Floyd Mayweather and Conor McGregor by utilizing an unauthorized cable signal at The Pax Lounge located at 28275 Point Lookout Road, Leonardtown, MD 20650. In doing so, Defendants allegedly avoided paying Plaintiff a licensing fee.

Although Plaintiff experienced lengthy delays in properly serving Defendants with process, Faruque apparently received notice of the suit. On December 20, 2019, he filed a Motion

---

[1] To date, Dimple Oberoi and Patuxent LLC have neither appeared nor answered the Complaint.

1

to Dismiss for Insufficient Service. On September 29, 2020, the Court denied the Motion. However, in an abundance of caution, the Court Ordered Plaintiff to serve Faruque at the address listed in his filing. Service was executed on October 24, 2020.

The Court addresses Faruque's successive Motion to Dismiss. This time, he claims the statute of limitations has run on both counts asserted in the Complaint. According to him, the claims are untimely under a three-year limitations period because the alleged violation took place on August 26, 2017—and he was not *served* until October 24, 2020.

On November 3, 2020, Plaintiff responded to the Motion, contending that the suit was timely *filed* on June 18, 2019. Faruque has not filed a Reply.

## II.

### A.

Neither 47 U.S.C. § 553 nor § 605 provide a statute of limitations for cable and satellite piracy. However, the Copyright Act contains a three-year limitations period starting from the date of the last infringement. *See* 17 U.S.C. § 507(b). Where a federal law lacks a statute of limitations, courts have borrowed an analogous state law's term. *Belmora LLC v. Bayer Consumer Care AG*, 987 F.3d 284, 293 (4th Cir. 2021).

For example, in *J&J Sports Productions, Inc. v. Pro Street Shop, LLC*, 2019 WL 3290161 (D. Md. July 22, 2019), Judge Chasanow of this Court considered the statute of limitations with respect to the same provisions at issue here (47 U.S.C. §§ 553 and 605) and found no analogous state law that provided a statute of limitations. She therefore applied Maryland's general three-year limitations period. *Id.* at *3. Because *Pro Street* concerned the same statutes under similar facts present here, the Court adopts its reasoning and applies the three-year limitations period provided in Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2014).

2

**B.**

While Faruque is correct that he was not fully served until October 24, 2020, this date is not relevant. Pursuant to 17 U.S.C. § 507(b), what matters is the date of the filing of the suit. The record clearly establishes that Plaintiff filed this suit on June 18, 2019, well within the three-year limitations period from the date of the alleged infringement, August 26, 2017.

**III.**

In any event, although neither party addresses it, Faruque's Motion to Dismiss is barred because he moved to dismiss for insufficient service of process. *See* Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion Fed. R. Civ. P. 12."). Since Faruque did not previously raise a statute of limitations defense, he is precluded from doing so here.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Faruque's Motion to Dismiss.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

June 10, 2021